IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

        v.                    Criminal No. 20-50066

STEWART CARR                              DEFENDANT/PETITIONER


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      Habeas Corpus Petition

On February 28, 2022, Petitioner Stewart Carr filed a motion under 28 U.S.C § 2255 to
Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in the Western District of
Arkansas, Fayetteville Division. (ECF No. 35). Petitioner's case was assigned to U.S. District
Judge Timothy L. Brooks and referred to undersigned for Report and Recommendation. The
United States responded on May 11, 2022, arguing Petitioner's claims were not meritorious. (ECF
No. 42). In support of his § 2255 motion, Petitioner asserts two grounds for relief.   First, Petitioner
claims ineffective assistance of counsel in violation of his Sixth Amendment right to counsel. (ECF
No. 35). Petitioner then alleges actual innocence of the underlying predicate offenses which
subjected him to an enhanced penalty as a Career Offender under U.S.S.G. § 4B1.2(b). (ECF No.
35).

For reasons set forth below, an evidentiary hearing is not required. There is no factual
dispute, and the issues raised by the Petitioner can be resolved by referencing the record.

### II.      Procedural Background

On October 07, 2020, Petitioner was named in a Three-Count Indictment. (ECF No. 1).
Count One charged that Petitioner knowingly and intentionally distributed a controlled substance,
namely, more than 5 grams of actual methamphetamine, a Schedule II controlled substance, in

1

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2. Count Two charged Petitioner with knowing and intentional possession of a controlled substance with intent to distribute, namely, a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Count Three charged that Petitioner knowingly and intentionally possessed more than 50 grams of actual methamphetamine with intent to distribute, also in violation of §§ 841(a)(1) and 841(b)(1)(A)(viii). An arrest warrant was issued, (ECF No. 4), and by virtue of a Writ of Habeas Corpus Ad Prosequendum, Petitioner was scheduled to appear, via video conferencing, for an arraignment on October 28, 2020.  (ECF Nos. 5, 7).  Pursuant to the CARES Act of 2020, Petitioner waived his right to personally appear for the arraignment. (ECF No. 8).   Petitioner was arrested, appeared for arraignment, and Jack Schisler, Assistant Federal Public Defendant, was appointed as counsel. (ECF No. 10, 11, 12).  Petitioner pled not guilty, and his jury trial was set for December 07, 2020, before U.S. District Judge Timothy L. Brooks. Petitioner waived the issue of detention and was remanded to the custody of U.S. Marshal's Service. (ECF No. 13). On December 01, 2020, Petitioner's jury trial was continued to February 01, 2021. (ECF No. 15).

On January 05, 2021, a change of plea hearing was scheduled at Petitioner's request. (ECF No. 16). On January 07, 2021, Petitioner waived his personal appearance at the change of plea hearing (again, pursuant to the CARES Act) after consulting with counsel. (ECF No. 17).  A change of plea hearing was scheduled for January 26, 2021, (ECF No. 19), where Petitioner pled guilty to Count 3 of the Indictment in exchange for dismissal of Counts 1 and 2. (ECF No. 21, 22). During his plea hearing, Petitioner acknowledged discussing the facts of his case, the elements of the crimes alleged, and the Government's evidence with his defense counsel. (ECF No. 21).

Petitioner acknowledged he had been advised of the maximum penalties and that the plea agreement did not guarantee him a specific sentence. (ECF No. 21, 22).

On March 25, 2021, an initial copy of the Presentence Investigation Report ("PSR") was filed (ECF No. 24), with responses or objections to the PSR due by April 08, 2021.

The PSR calculated a base offense level of 30 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(c)(5). (ECF No. 24, p. 9, ¶ 38).  The PSR then reflected that Petitioner was a "Career Offender" after noting that (a) Petitioner was at least 18 years old at the time of the instant offense of conviction; (b) the instant offense of conviction was a felony that is either a crime of violence or a controlled substance offense; and (c) Petitioner had at least two prior felony convictions for either a crime of violence or a controlled substance offense. (ECF No. 24, p. 9, ¶ 44). The offense level for a career offender is 37, and thus, pursuant to the Chapter Four Enhancement, the PSR increased Petitioner's base offense level from 30 to 37. *Id*. The PSR then reduced the adjusted offense level by two points for Petitioner's acceptance of responsibility as provided in U.S.S.G. § 3E1.1(a), (ECF No. 24, p. 9, ¶ 45), and contemplated the customary additional one-point reduction if Petitioner qualified for a decrease under subsection (a) and met the criteria set forth in U.S.S.G. § 3E1.1(b). (ECF No. 24, p. 9, ¶ 46).  Petitioner's total offense level in the PSR was calculated as 34. (ECF No. 24, p. 9, ¶ 47).

Turning next to Petitioner's criminal history, the PSR recounted and scored his prior criminal convictions which resulted in a subtotal criminal history score of 22. (ECF No. 24, p. 21, ¶ 69).  Pursuant to U.S.S.G. § 4A1.1(d), Petitioner received a two-point increase in his score because he committed the instant offense while under a criminal justice sentence. (ECF No. 24, p. 21, ¶ 70).  Petitioner's criminal history score of 24 placed him in a criminal history category VI under U.S.S.G. Chapter 5, Part A. (ECF No. 24, p. 21, ¶¶ 77-72).

Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), Petitioner's minimum term of imprisonment was 10 years, and the maximum term was life.  (ECF No. 24, p. 31, ¶ 110).  The PSR contained the following U.S.S.G. range:   based upon Petitioner's total offense level of 34 and a criminal history category of VI, the guideline imprisonment range was 262 to 327 months.  (ECF No. 24, p. 31, ¶ 111).

On April 02, 2021, Petitioner filed a response, advising he had no objections to the PSR. (ECF No. 27). The United States similarly had no objections. (ECF No. 28). A Final PSR was submitted without modification on April 26, 2021, (ECF No. 29), and a sentencing recommendation was issued by the U.S. Probation Office. (ECF No. 30).

On May 05, 2021, Petitioner waived his right to appear personally at the Sentencing Hearing (ECF No. 31) which was scheduled for May 06, 2021. (ECF No. 25). Petitioner's sentencing hearing was conducted by U.S. District Judge Brooks who imposed a sentence of 240 months imprisonment, 5 years supervised release, and a $2,400.00 fine with waiver of interest. (ECF No. 32).

Petitioner did not seek post-conviction relief or file an appeal.

### III.    Petitioner's Criminal Background

Because Petitioner now challenges his prior predicate offenses that resulted in a Career Offender Chapter Four sentencing enhancement, a recitation of those convictions is helpful.  (ECF No. 24, pp. 10-27, ¶¶ 52-68, 73-89).

A.    2011 Manufacture of Methamphetamine, Benton County Circuit Court, 04CR11-1122-02, Paragraph 58 of PSR

On July 22, 2011, Petitioner was arrested after the Bentonville Police Department ("BPD") responded to a second report about a suspicious chemical order coming from an apartment. Upon entry into the apartment, officers viewed an active methamphetamine manufacturing operation, as

well as the presence of supplies for manufacturing methamphetamine. Petitioner was charged by Benton County with Manufacturing, Delivering, or Possession with Intent to Manufacture or Deliver Methamphetamine pursuant to A.C.A. § 5-64-401(a)(1)(A)(i) (repealed July 27, 2011). Petitioner pled guilty to felony "Manufacturing Methamphetamine" and was sentenced on May 05, 2014.[1] Petitioner's other charges, including the possession of drug paraphernalia with intent to manufacture methamphetamine (A.C.A. § 5-64-403(c)(5)(A)) and possession of controlled substances (A.C.A. § 5-64-401(c) & A.C.A. § 5-64-1102(a)(1)) were dismissed.  (PSR, ECF No. 24, pp. 13-14, ¶ 58).

      B.     2013 Felony Possession of Drug Paraphernalia and Manufacturing Methamphetamine, Washington County Circuit Court, 72CR-13-720-1, Paragraph 62 of PSR

On March 31, 2013, Arkansas State Police responded to a single vehicle crash and a Trooper observed Petitioner walking away from the scene. Petitioner advised that his cousin was the driver, but he had left the scene to seek help; Petitioner also reported that his cell phone battery was dead but then conducted a conversation on the phone in the presence of the Trooper.  The vehicle was searched and multiple items of drug paraphernalia, including syringes, a glass pipe and a bottle containing a white substance and a copper tube identified as a mobile methamphetamine manufacturing lab, were discovered. Petitioner was charged in Washington County Circuit Court with Possession of Drug Paraphernalia (a B Felony pursuant to A.C.A. § 5-64-443(b)) and Manufacturing a Controlled Substance (Methamphetamine, a C Felony pursuant to A.C.A. § 5-64-423(2)(A)). Petitioner pled guilty to both felony charges and was sentenced on February 13, 2014 – with respect to the felony possession of drug paraphernalia, Petitioner was

---

[1]  The Court notes that the sentence imposed – 120 months imprisonment followed by 120 months suspended imposition of sentence – was imposed to run concurrent with a sentence imposed on May 05, 2014, in Petitioner's subsequent Benton County case (04CR13-493-02) where he was again charged with manufacturing methamphetamine on April 12, 2013.

sentenced to 180 months imprisonment followed by 60 months suspended imposition of sentence, and on the felony charge of manufacturing methamphetamine, Petitioner was sentenced to 120 months suspended imposition of sentence, with the sentences to run concurrently. (PSR, ECF No. 24, p. 16, ¶ 62).

C.      2013 Manufacturing Methamphetamine, Benton County Circuit Court,
        04CR13-493-02, Paragraph 64 of PSR

On April 12, 2013, Petitioner was arrested after the BPD received information from Carolyn Sternhagen advising police that she purchased ingredients for Petitioner to use for methamphetamine manufacturing. The BPD executed a search warrant on Petitioner's apartment and discovered an active "one-pot" methamphetamine manufacturing operation, as well as multiple items present in the home and backyard that had been used for manufacturing methamphetamine. The police also located drug paraphernalia in Petitioner's bedroom that indicated the usage of methamphetamine and marijuana. Petitioner was charged with Manufacturing of Methamphetamine/Cocaine pursuant to A.C.A. § 5-64-423(a)(1)(2)(B)(ii)(a) and Possession of Drug Paraphernalia pursuant to A.C.A. § 5-64-443(a)(b). Both counts addressed the underlying offense of manufacturing methamphetamine. Petitioner pled guilty to the § 5-64-423(a)(1)(B)(ii)(a) charge for manufacturing methamphetamine on May 05, 2014, and at the same time he pled guilty to the 2011charged for manufacturing methamphetamine (PSR, ECF No. 24, pp. 13-14, ¶¶ 58, 64). Petitioner's imposed sentence ran concurrent with this sentence in 04CR11-112202.

D.      2013 Possession of Controlled Substance, Possession of Chemical with Intent to
        Create a Controlled Substance, Barry County Circuit Court Cassville, Missouri,
        BBR-CR-00681-01, Paragraph 67 of PSR

On June 23, 2013, Petitioner was arrested by the Cassville Police Department for driving while intoxicated in Cassville, MO. Officers had responded to a report of a vehicle not maintaining

a single lane traffic. Upon contact with Petitioner, he advised officers he had been drugged and warned there were drug items throughout the vehicle. A plastic container with methamphetamine and a small pipe were found in Petitioner's short pockets. Several drug items were found in the vehicle, and it was suspected that the vehicle was a mobile methamphetamine lab. Barry County Circuit Court, MO charged Petitioner with felony Possession of a Controlled Substance and felony Possession of a Chemical with Intent to Create a Controlled Substance; Petitioner pled guilty on both counts and on September 16, 2013, was sentenced to 4 years imprisonment on each count, with the sentences to run concurrently.  (PSR, ECF No. 24, pp. 19-20, ¶ 67).

## IV.        Petitioner's Habeas Claims

Petitioner first says that his counsel was ineffective in failing to object to Petitioner's 2013 convictions for manufacturing methamphetamine set forth in Paragraphs 62 and 64 of the PSR and that counsel's failure to object resulted in consideration of those predicate offenses when categorizing him as a "Career Offender" under U.S.S.G. § 4B1.1(a). Petitioner contends these two prior methamphetamine offenses did not involve the actual controlled substance in question – methamphetamine – but rather, possession of legal ingredients used in the production of methamphetamine. Petitioner identifies this as a legal distinction, arguing that his counsel should have been aware of this distinction and objected to consideration of these convictions under U.S.S.G. § 4B1.1.   Petitioner believes his counsel's defective performance resulted in an unwarranted sentencing enhancement, causing Petitioner's sentence to be much greater than it otherwise would have been absent the Career Offender enhancement.

Respondent argues this allegation of ineffective assistance of counsel is non-meritorious. The Government identifies Petitioner's prior qualifying controlled substance convictions, focusing specifically on convictions identified in Paragraphs 62 and 64 of the PSR, which are both state law

offenses prohibiting the manufacture of controlled substances punishable by more than one year imprisonment. *See* A.C.A. § 5-64-423. The Government says Petitioner's 2013 convictions under § 5-64-423 establish that Petitioner was involved in the process of manufacturing methamphetamine, rather than any simple possession of its raw materials. Despite Arkansas laws which criminalize mere possession with intent to manufacture, Petitioner was not charged or convicted under any such law. *See, e.g.*, A.C.A. § 5-64-443.   Respondent elaborates that Petitioner's counsel was under no obligation to raise frivolous objections such as those now proposed by Petitioner, and further alleges Petitioner is incapable of showing that his counsel's inaction (failure to object) resulted in any prejudice.   Had Petitioner's counsel objected to the consideration of Petitioner's 2013 convictions, the Government says those objections would have been overruled and not commanded a different outcome for Petitioner because his 2013 qualifying convictions are undisputed.

For his second ground, Petitioner asserts his actual innocence of both 2013 convictions for manufacturing methamphetamine as set forth in Paragraphs 62 and 64, which served as required predicate offenses for his designation as a Career Offender under U.S.S.G. § 4B1.1. Petitioner's argument here is similar – he argues that neither of these instances involved actual controlled substances but only the materials and/or equipment needed to manufacture methamphetamine. As a result, Petitioner concludes that his 2013 convictions fail to qualify as the proper predicate offenses for Career Offender status and therefore, his sentence was wrongfully enhanced under Chapter Four.

Respondent denies the validity of Petitioner's claim, finding that his "actual innocence" claim is procedurally defaulted. Respondent points out Petitioner did not first raise his actual innocence claim on direct appeal and now fails to illustrate either (1) a proper cause coupled with

8

prejudice, or (2) actual innocence, to excuse his procedural default.  Respondent says Petitioner fails to provide any reason for why he failed to assert these claims on direct appeal.  Respondent then says Petitioner's claims are not cognizable under 28 U.S.C. § 2255 because there is an absence of an extraordinary circumstance warranting consideration for relief under § 2255, such as receiving a sentence exceeding the statutory maximum.

## V.      Legal Standard & Analysis

### A.      Ineffective Assistance of Counsel

Pursuant to the Sixth Amendment to the Constitution of the United States of America, criminal defendants have the right to the assistance of counsel. U.S. Const. Amend. VI.  The United States Supreme Court has recognized that the right to counsel refers to "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

To prove ineffective assistance, Petitioner must show that (1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment, and (2) his counsel's deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687.  Under § 2255, litigants face "a heavy burden" to successfully establish ineffective assistance of counsel. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *De Roo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); *United States v. Osorio-Alvarado*, 2015 WL 328540, at *3 (W.D. Ark. Jan. 26, 2015). Application of the *Strickland* test "requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (cleaned up).  There is no need to address the performance prong without a showing of prejudice. *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999); *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

1.              Counsel's Deficient Performance

Legal counsel enjoys a presumption of competency while representing defendants in criminal matters. *United States v. Cronic*, 466 U.S. 648, 658 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 100–101 (1955)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005). Strategic decisions are "virtually unchallengeable" when made after "thorough investigation of laws and facts." *Battle*, 19 F.3d at 1556 (citing *Strickland*, 466 U.S. at 690). There is a strong presumption of reasonableness for counsels' decisions given recognition of the "limited" time and resources that defense counsel has to choose from "countless" strategic options. *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 106-07 (2011)). Counsel is deemed ineffective only when their conduct falls below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see also Wiggins v. Smith* 539 U.S. 510, 522 (2003). Performance is considered deficient if there is a "probability sufficient to undermine confidence in the trial's outcome." *Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993).

To pursue an ineffective assistance of counsel claim, Petitioner must illustrate a constitutional violation. *Cronic*, 466 U.S. at 658. When seeking to rebut the presumption of counsel's competency, mere argument in the absence of evidence will not overcome "the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Dunn*, 141 S. Ct. at 2407 (quoting *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (internal quotation marks and brackets omitted). Courts cannot use hindsight to evaluate counsel's performance but must consider the conduct that occurred at the time of the trial. *Battle*, 19 F.3d at 1555 (citing *Strickland*, 446 U.S. at 689); *Cox v. Lockhart*, 970 F.2d 448, 455 (8th Cir.1992); *See Kenley v. Armontrout*, 937 F.2d 1298, 1304 (8th Cir. 1991) (the reasonableness of counsel's determination must be evaluated by what defense counsel knew or should have known at the time

of making the decision).  Strategic choices may still be within the range of acceptable performances even if defense counsel has a hopeless attitude regarding the outcome of a case. *Strickland*, 466 U.S. at 699.

Here, Petitioner's allegation of his counsel's deficient performance, with respect to sentencing, does not prove convincing – Petitioner's § 2255 argument that he does not have at least two prior convictions for controlled substances is simply inaccurate and his contention that these convictions are "invalid" is unavailing.  (ECF No. 35, p.4).  Paragraphs 62 and 64 of the PSR reflect two of Petitioner's several previous convictions that qualify as predicate, controlled substance offenses for the "Career Offender" designation. § 4B1.1(a). Where a sentencing objection is meritless, counsel is not deficient for failing to raise it. *Strickland, supra*.  And even had Petitioner's counsel filed objections to the PSR as now proposed by Petitioner – objecting to the Court's consideration of Petitioner's prior controlled substance convictions – it is almost certain that the Court would have overruled the objection and proceeded to consider the convictions under § 4B1.1(a). The evidence of record is undisputed that Petitioner has multiple qualifying convictions of which only 2 are required for application of the Career Offender enhancement.  Counsel is not deficient when failing to make non-meritorious objections or when ignoring Petitioner's proposed, but unsound, legal arguments.  Petitioner has not illustrated that his counsel's conduct fell below the appropriate standard, failing to present any theory that his counsel's performance with respect to his sentencing was inadequate or deficient.  Thus, the first prong of the *Strickland* test has not been met.

2.      Deficiency Caused Prejudice

Ineffective assistance of counsel requires not only a showing of deficiency from counsel, but also that the deficiency caused prejudice against the defendant "so serious as to deprive the

11

defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687*; see also DeRoo*, 223 F.3d at 926 (denying petitioner's motion to dismiss when he failed to show prejudice even if his counsel's conduct had been unreasonable). A reasonable professional error by counsel will not justify setting aside a criminal judgment if the error did not affect the judgment. *Id.* at 691; *United States v. Morrison,* 449 U.S. 361, 364–365 (1981). Rather, there must be a reasonable probability, one undermining confidence in the outcome, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); *See Pfau v. Ault*, 409 F.3d 933, 940 (8th Cir. 2005) (holding that counsel's alleged error did not provide a reasonable probability that would have resulted in reversal at the trial court). Where a court finds it easier to dispose of an ineffectiveness claim for lack of sufficient prejudice, then it should do so. *Strickland*, 466 U.S. at 697.

The *Apfel* case, *supra,* is instructive.  Seeking relief after receiving an enhanced sentence for possession with intent to distribute methamphetamine, Apfel pursued an ineffective assistance of counsel claim, alleging ineffectiveness when his counsel failed to object to the implicit assumption that he had carried d-methamphetamine rather than l-methamphetamine. *Apfel*, 97 F.3d at 1075-76.  Both the district court and the court of appeals found that his statements were "unsupported and self-serving," denying him a valid basis for establishing relief. *Id.* at 1077. The record eliminated any doubt that the Government could in fact prove that Apfel indeed possessed d-methamphetamine, rendering Apfel unable to illustrate any reasonable probability of a different result and thus, no prejudice. *Id.*

As determined above, the performance of Petitioner's counsel – failing to object to the Court's consideration of Petitioner's prior controlled substance convictions – was not inadequate or deficient, and even were it assumed to be, the Court is unable to identify any substantial effect

on the outcome.  While Petitioner's counsel was under no obligation to file frivolous objections to the PSR, the Government easily could establish Petitioner had at least two requisite controlled substance offense convictions for purposes of the Career Offender sentencing enhancement. "Controlled substance offense" is defined in U.S.S.G. § 4B1.2(b) as meaning "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the **manufacture**, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Despite his arguments herein, Petitioner was not convicted of mere possession of controlled substances or possession of items to manufacture controlled substances; to the contrary, Petitioner was charged and twice convicted (by guilty pleas) of manufacturing methamphetamine in Benton County (04CR11-1122-02 & 04CR13-493-02)[2] in violation of A.C.A. §§ 5-64-401(a)(1)(A)(i)[3] and 5-64-423(2)(A), and again in Washington County (72CR-13-720-1) in violation of A.C.A. §5-64-423(2)(A).[4] The elements of these crimes – identified by the Arkansas Legislature as criminal "Manufacture of Methamphetamine, Heroin or Cocaine" – clearly fall within the definition of U.S.S.G. § 4B1.2(b), and Petitioner's guilty pleas to, and convictions of, these charges eviscerates his argument that he had only taken steps to manufacture methamphetamine by possessing legal ingredients. Petitioner's unsubstantiated allegations and arguments are, like those in *Apfel*, self-serving, and fruitless.  "Prejudice" requires a reasonable probability that the proceeding would have ended in a different result without counsel's errors. *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir.1988), *cert. denied*, 490 U.S. 1026

---

[2] ECF Nos. 42-1 and 42-2 along with ECF No. 42-8 conclusively establish that Petitioner pled guilty in Benton County Circuit Court to the 2011 and 2013 charges of manufacturing methamphetamine, both felonies.
[3] In United States v. Meux, 918 F.3d 589 (2019), the Eighth Circuit Court of Appeals found a conviction under A.C.A. § 5-64-401(a) is a "serious drug offense" for purposes of Armed Career Criminal status at the time of sentencing.
[4] ECF No. 42-5and 42-6 conclusively establish that Petitioner pled guilty in Washington County Circuit Court to a 2013 charge of manufacturing methamphetamine.

(1989).  Petitioner importantly fails to illustrate how his counsel's objection to the Court's consideration of these convictions would have precluded the Government from proving up these convictions at Petitioner's sentencing hearing or prevented the Court from then considering the convictions under U.S.S.G. § 4B1.1(a).  The undersigned has no doubt that even had counsel lodged the objections Petitioner describes, those objections would not have swayed or influenced the outcome of his sentencing, and therefore, a lack of objections to the PSR was not prejudicial. Petitioner's ineffective assistance of counsel contentions are unavailing.

B.        Actual Innocence of Predicate Crimes Under 28 U.S.C. § 2255

Petitioner contends he is actually innocent of the 2013 manufacturing methamphetamine convictions.  Petitioner did not file an appeal herein and thus, did not raise this issue post-sentencing.

A claim is procedurally defaulted and cannot first be raised on a 28 U.S.C. § 2255 motion where a petitioner fails to raise the issue on direct appeal. *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000). The United States Supreme Court previously has held that "a collateral change may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (internal citations omitted). This rule applies whether the conviction was obtained through a trial or through entry of guilty of plea.  *E.g., United States v. Cain,* 134 F3d 1345, 1352 (8th Cir. 1998).  Procedural defaults may be excused only where a petitioner can show (1) a cause that excuses the default, and (2) actual prejudice from the errors asserted." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Dejan*, 208 F.3d at 685; *Apfel*, 97 F.3d at 1076; *United States v. Bailey*, 235 F.3d 1069, 1072 (8th Cir. 2000).  Procedural default of constitutional claims not raised on direct review may be overcome by a showing of actual innocence. *Bousley v. United States,* 523 U.S. 614, 622 (1998*); Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). Actual innocence refers to factual

innocence rather than a "mere legal insufficiency," allowing the Government to consider additional evidence not included on the record. *Bousley*, 523 U.S. at 623-24; *see also United States v. Bailey*, 235 F.3d 1069, 1075 (8th Cir. 2000) (defendants' failure to show actual innocence stemmed from their inability to factually meet their burden of proof).

The analysis in *United States v. Plyes* is instructive here.  In *Plyes*, the petitioner procedurally defaulted his actual innocence claim when he did not present it on direct appeal and failed to show cause for his sentence enhancement through ineffective assistance of counsel.  *Plyes*, 2021 WL 2548681, at *8 (W.D. Ark. May 5, 2021).  For similar reasons, Petitioner's actual innocence claim is procedurally defaulted. Petitioner did not raise this claim on direct appeal, and Petitioner presents no external impediment or any evidence of cause for his default, and thus, cannot illustrate any resulting prejudice to validate his assertions. Petitioner provides no evidence of actual innocence, and no compelling argument of his innocence.  Petitioner does not suggest that his multiple state court guilty pleas were either involuntary or unintelligent, and there is no evidence that Petitioner ever challenged any of his guilty pleas prior to his § 2255 Motion.  The Court must presume Petitioner's guilty pleas were voluntary and intelligent, chinning the constitutional bar of *Bousley*, 523 U.S. at 618 (there are "significant procedural hurdles" as there are "strictly limited… circumstances under which a guilty plea may be attacked on collateral review").

The heart of Petitioner's habeas action is the error he alleges Judge Brooks made when applying the Chapter Four Career Offender sentencing enhancement.  Only a narrow category of sentencing error is of a constitutional nature and can form the basis of a § 2255 claim.  *See Sawyer v. Whitley,* 505 U.S. 333, 348-50 (1992).  Courts generally have held that "allegations of Sentencing Guidelines errors are not cognizable under § 2255 unless the sentence exceeds the

statutory maximum." *United States v. Terry*, 2017 WL 2267002, at *4 (W.D. Ark. May 2, 2017). Under § 2255, relief for sentences exceeding the statutory maximum "applies to violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues." *See Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (holding that defendant's "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard" did not present a proper § 2255 claim); *Sun Bear v. United States*, 644 F.3d 700, 708 (8th Cir. 2011). While the undersigned finds Petitioner has not established any sentencing error by the district court, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), Petitioner's minimum term of imprisonment was 10 years with a maximum term was life. Thus, Petitioner's sentence of twenty years imprisonment did not exceed the statutory maximum and § 2255 affords him no relief. *See Sun Bear, supra.*

C.      Evidentiary Hearing

Federal courts must consider whether an evidentiary hearing "could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief*." Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Where "the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007). Before granting an evidentiary hearing, a court must determine whether the evidence can be legally considered, as federal courts "may never needlessly prolong a habeas case." *Shoop v. Twyford*, 142 S. Ct. 2037, 2038 (2022).

A petitioner is entitled to an evidentiary hearing for a habeas motion unless "'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *United States v. Ledezma–Rodriguez*, 423 F.3d 830, 835–36 (8th Cir.2005) (alteration in original) (quoting

16

28 U.S.C. § 2255); *United States v. Maddox*, No. 5:12-CR-50074-001, 2015 WL 1643377, at \*7 (W.D. Ark. Apr. 13, 2015). No evidentiary hearing is required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000) (assuming that the factual assertions were accurate, the petitioner still would not have been entitled to relief).

Here, there is no factual dispute raised by Petitioner's Motion and the issues raised by Petitioner can be resolved by the Court's consideration of the record. No evidentiary hearing is required.

D.      Certificate of Appealability

After a denial of a 28 U.S.C. § 2255 motion, a Certificate of Appealability is needed for an appeal. When deciding if a Certificate of Appealability should be granted under 28 U.S.C. § 2253(c), there must be "an overview of the claims in the habeas petition and a general assessment of their merits*." Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A "substantial showing of a denial of a constitutional right" is required to obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2). For a "substantial showing", the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Essentially, a "substantial showing" is found if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997); *United States v. Stewart*, No. 5:05-CR-50023, 2014 WL 4464436, at \*5 (W.D. Ark. Sept. 10, 2014). After considering Petitioner's habeas petition, the undersigned finds he has failed to make a substantial showing of a denial of a constitutional right. Therefore, it is recommended that Petitioner's request for a Certificate of Appealability be denied.

### VI.   Recommendation

For these reasons, it is recommended that Petitioner's Motion under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in the Western District of Arkansas, Fayetteville Division. (ECF No. 35), be **DENIED**; that Petitioner's Motion be denied without hearing, and that a Certificate of Appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 21st day of July 2022.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE